IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN D. SUTTON,                )
    Petitioner,             )    Civil Action No. 17-109 Erie
                               )
v.                             )
                               )    Judge Susan Paradise Baxter
COMMONWEALTH, et al.,          )
    Respondents.            )

## **MEMORANDUM AND ORDER**

Pending before the Court is a motion filed by John D. Sutton (the "Petitioner") pursuant to Rule 60 of the Federal Rules of Civil Procedure. (ECF No. 17). The motion is denied for the reasons set forth below.

### I.    Background

On April 16, 2002, the Petitioner shot and killed his estranged wife. He was charged in the Court of Common Pleas of Erie County (the "trial court") at criminal action CP-25-CR-391-2002 with Criminal Homicide and Crimes Committed with Firearms. Following a jury trial in May 2003, the Petitioner was convicted of third-degree murder. In June 2003, the trial court sentenced him to a term of 18 to 40 years' imprisonment.

More than a decade later, in March 2014, the Petitioner filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged the judgment of sentence imposed by the trial court. That habeas case was docketed as Sutton v. Giroux, et al., No. 1:14-cv-82 (W.D. Pa.). On November 5, 2014, this Court issued an Order in which it dismissed that petition because the Petitioner's claims were filed outside the applicable one-year statute of limitations. (See ECF Nos. 10, 12 in Sutton v. Giroux, et al., No. 1:14-cv-82 (W.D. Pa.)).

1

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a " second or successive habeas corpus application"[1] in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood, 561 U.S. at 330-31; Winkelman, 746 F.3d at 135; In re Pendleton, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

In May 2017, the Petitioner filed with this Court a motion for leave to proceed *in forma pauperis* (ECF No. 1), a document the Court construed to be a petition for a writ of habeas corpus (ECF No. 3) (his "May 2017 petition"), and a motion for appointment of counsel and for appointment of a medical expert (ECF No. 5). The Court subsequently granted the Petitioner's motion for leave to proceed *in forma pauperis* and denied his motion for appointment of counsel and for appointment of a medical expert. (ECF Nos. 2, 7). On August 8, 2017, the Court dismissed the May 2017 petition for lack of jurisdiction because it was an unauthorized second or successive habeas application. (ECF Nos. 12, 17).

---

[1] AEDPA does not define the phrase "second or successive," and not all numerically second (or greater) habeas corpus applications fall within § 2244(b)'s scope. See, e.g., Magwood v. Patterson, 561 U.S. 320, 332 (2010); United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014); Blystone v. Horn, 664 F.3d 397, 413 (3d Cir. 2011).

## II. Discussion

Now pending before the Court is the Petitioner's motion for reconsideration, which he filed pursuant to Federal Rules of Civil Procedure 60. (ECF No. 17). In his motion, Petitioner appears to be arguing, at least in part, that the Court should have construed his May 2017 petition to be a Rule 60(b) motion that challenged this Court's November 2014 judgment in Sutton v. Giroux, et al., No. 1:14-cv-82 (W.D. Pa.). The Petitioner then makes unsupportable allegations of fraud and government interference and argues that he is entitled to relief from this Court's November 2014 judgment pursuant to Rule 60(b).

There is no merit to the Petitioner's argument. First, he did not file a Rule 60(b) motion in his 2014 federal habeas case at docket number 1:14-cv-82. Instead, he initiated a new federal habeas action altogether by seeking leave to proceed *in forma pauperis* and for appointment of counsel and for appointment of a medical expert. That is why the documents he filed in May 2017 were filed as part of a new habeas action and given a new civil action number (1:17-cv-109). Second, the Petitioner could not avoid AEDPA's second or successive "'gatekeeping' mechanism[,]" Robinson v. Johnson, 313 F.3d 128, 129 (3d Cir. 2002) (quoting Felker v. Turpin, 518 U.S. 651, 657 (1996)), by simply designating a filing as a Rule 60(b) motion. That is because when a state prisoner files a Rule 60(b) motion in a habeas case, the district court must be sure that the motion is not actually a "second or successive habeas corpus application" that is subject to AEDPA's stringent procedural and substantive requirements codified at 28 U.S.C. § 2244(b).

In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition

3

requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[2] A Rule 60(b) motion must be construed as a "second or successive habeas corpus application," the Supreme Court explained, when it advances one or more "claims." Gonzalez, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," it observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." Id. at 532. "A motion that seeks to add a new ground for relief…will of course qualify." Id. The Supreme Court further instructed that a petitioner is advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim previously denied presents a habeas claim. Id. In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling that the habeas court made that precluded a merits determination of the habeas petition, id. at 532 n.4, or challenges a defect in the integrity of the federal habeas proceedings, such as an assertion of fraud, id. at 532.

Thus, when a document designated as a Rule 60(b) motion is filed with the district court in a habeas case, the court must first determine, using the criteria outlined in Gonzalez, whether the motion is a true Rule 60(b) motion or is actually a second or successive habeas petition. If the court concludes that the motion is a true Rule 60(b) motion, the motion should be ruled upon in the manner any other Rule 60(b) motion would be. Gonzalez, 545 U.S. at 533-36. See also Pridgen v. Shannon, 380 F.3d 721, 727-28 (3d Cir. 2004). If, however, the court concludes that the motion is actually an unauthorized

---

[2] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" Gonzalez, 545 U.S. at 529 (footnote omitted, bracketed text added by Court in Gonzalez) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

4

second or successive habeas petition, it should be dismissed for lack of subject matter jurisdiction. Id. at 531-32; Pridgen, 380 F.3d at 725; Robinson, 313 F.3d at 139.

In the May 2017 petition, the Petitioner raised one or more "claims" for habeas relief. Therefore, the Court appropriately construed that document to be a second or successive application for habeas relief and dismissed it for lack of jurisdiction. However, to the extent that in his May 2017 petition the Petitioner was seeking to challenge the procedural ruling that this Court made when it disposed of his 2014 habeas petition, thereby making at least a portion of his filing a true Rule 60(b) motion, none of the arguments he made in it warranted relief from this Court's 2014 judgment. Therefore, he was not entitled to reconsideration on this Court's 2014 judgment.

### III. ORDER

AND NOW, this 25th day of September, 2018, it is hereby ORDERED that the Petitioner's motion for relief under Federal Rules of Civil Procedure 60 (ECF No. 17) is DENIED and a certificate of appealability is DENIED. The Court appropriately dismissed his May 2017 petition (ECF No. 3) as an unauthorized second or successive petition. To the extent that any portion of his May 2017 petition qualified as a true Rule 60(b) motion, that portion of it is DENIED and a certificate of appealability is DENIED.

September 25, 2018

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Court Judge